## EX PARTE J. W. FLOYD.

HABEAS CORPUS. *Application for bail. Homicide. Case in judgment.*

F., being under indictment for murder, applied by *habeas corpus* for release on bail. At the hearing of his application fourteen witnesses were examined for the State. The names of seven of them had been marked upon the indictment as witnesses for the State; and two others were said by counsel for the State to be important witnesses. There were marked upon the indictment the names of nineteen witnesses; twelve of whom were not examined. The testimony adduced failed to disclose any circumstance criminating F., but the chancellor refused to allow him to give bail. *Held*, that F. should have been admitted to give bail, unless the chancellor was led to believe that there was other procurable and important evidence, and then he should have postponed the further investigation of the matter until such evidence could be had.

60 MISS. — 58

APPEAL from the decision of HON. LAUCH MCLAURIN, Chancellor of the Tenth Judicial District, on *habeas corpus.*

The appellant being in the custody of the sheriff of Wilkinson County under an indictment for murder, through his counsel presented to the chancellor of the district a petition for a writ of *habeas corpus*, and for his release upon bail. The chancellor granted the writ, and heard testimony upon the application for bail; but the application for bail was denied, and the relator was remanded to jail. Whereupon he appealed to this court. The nature and effect of the testimony adduced before the chancellor are stated in the opinion of the court.

*D. C. Bramlett* and *T. V. Noland*, for the appellant.

The testimony adduced upon the hearing below, having failed to even cast a suspicion against the accused, he should have been admitted to bail. The case was continued from day to day and the process of the court liberally used to compel the attendance of all the witnesses for the State, and it must be considered as settled that all of the available testimony for the prosecution was produced, otherwise the chancellor below failed in his duty by not continuing the case from day to day until it could have been obtained. *Bridewell's Case*, 57 Miss. 44. This being so, and no case having been established against the relator, it was error in the chancellor to deny him bail. In *Street's Case*, 43 Miss. 30, this court say: "After indictment, on *habeas corpus*, the only possible inquiry can be as to the grade of the offence, or the strength of the evidence." In *Bridewell's Case*, 57 Miss. 44, the court say: "If, upon the whole testimony adduced before him (the chancellor here) he entertains a reasonable doubt whether the relator committed the act, or whether in so doing he was guilty of a capital crime, he should admit to bail," etc.

*D. C. Bramlett*, also made an oral argument.

*C. Farish*, on the same side, cited *Street* v. *The State*, 43

Miss. 1; *Browning* v. *The State*, 30 Miss. 656; *Wray's Case*, 30 Miss. 142; *Beall's Case*, 39 Miss. 720.

*C. P. Neilson, contra.*

A number of the State's witnesses in the case were absent. They were, many of them, shown to be in the jurisdiction of the court. The compulsory process of the court was not executed.for " want of time." This " want of time " was caused by the " persistent demands " of the relator for a hearing — the hearing was had in the absence of these witnesses, though it was the duty of the relator to have them present. And then relying on the " weakness " of the prosecution, he declined to introduce evidence of his innocence. This conduct of the relator did not tend to rebut the presumption of his guilt. The relator in this proceeding cannot stand idle on the ground that the law " presumes innocence until guilt be proven." After indictment found this principle is reversed until the accused is put on trial before a jury. But in all proceedings between indictment and trial, the rule is that guilt is presumed until innocence is proven. 2 Dev. La. 421; 1 Morris, 407, cited in *Street's Case*. There was certainly nothing in the testimony to rebut that presumption.

*J. H. Jones,* on the same side, cited *Street's Case*, Morris Crim. Cas. 1615, and *Bridewell's Case*, 57 Miss. 44.

CAMPBELL, C. J., delivered the opinion of the court.

On hearing this application seven of the witnesses, whose names are marked on the indictment, and two others said by the counsel for the State to be important and whose names are not on the indictment, and five others, were examined as witnesses for the State, and not a single circumstance criminating the appellant was disclosed. The names of nineteen witnesses are indorsed upon the indictment, and as seven of them and seven others failed to testify to anything inculpating the appellant, the chancellor should have admitted him to bail, or, if he was led to believe that there was other testi-

mony procurable and important in the investigation, he should have postponed the further hearing of the matter until it could be had. There is nothing to suggest that witnesses not in attendance have any knowledge of the case not possessed by those examined, and, if not, the sooner the prosecution is abandoned the better.

Judgment reversed and prisoner to be admitted to bail by the sheriff of Wilkinson County in the sum of two thousand dollars, with good and sufficient sureties jointly and severally bound, to be approved by him.